# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

YSAIAS ESPINOSA,                      )
                                      )
                                      )
        Plaintiff,                    )
                                      )        CIVIL ACTION FILE
    v.                                )
                                      )        NO. _____
PURE AIR FILTRATION, LLC              )
KEVIN JAMESON,                        )
                                      )
        Defendants.                   )

## NOTICE OF REMOVAL

**COME NOW**, Defendants, PURE AIR FILTRATION, LLC AND KEVIN

JAMESON (hereinafter "Defendants"), and within the time prescribed by law, file

this Notice of Removal, by and through their undersigned counsel, pursuant to 28

U. S. C. §§ 1441 and 1446, and respectfully show the Court the following facts:

1.

Plaintiff Ysaias Espinosa ("Plaintiff") filed suit against Defendants in the

State Court of Gwinnett County, which county is within the Atlanta Division of

this Court.  The suit has been commenced as Gwinnett County State Court Civil

Action File number 16C01715-S2.

2.

The suit seeks to recover for an allegation violation of the Fair Labor Standards Act "(FLSA)" set forth at 29 USC § 201 *et seq*.

3.

The Court has jurisdiction over this action under 28 U. S. C. § 1331 as it involves a federal question and, accordingly, is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U. S. C. § 1441, in that the claim in this civil action involves a federal question.

4.

Defendants show that Plaintiff's suit was filed on March 30, 2016 in the State Court of Gwinnett County and served upon Defendants on June 20, 2016. This Notice of Removal is filed within thirty (30) days from the date Defendants were served with the Summons and Complaint and is, therefore, proper under 28 USC § 1446.

7.

Defendants have attached hereto copies of all summons, process, pleadings, and orders served upon it in this case, such copies being marked Exhibit "A."

8.

Defendants have given written notice of the filing of this Notice of Removal

to the Plaintiff.  Defendants have filed a written notice with the Clerk of the State

Court of Gwinnett County, a copy of said notice is attached as Exhibit "B."

9.

**WHEREFORE**, Defendants pray the case proceed in this Court as a

removed claim or cause of action under 28 U.S.C. § 1331 *et*. *seq*.

This 19th day of July, 2016.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   */s/ Anandhi S. Rajan*
　　　Anandhi S. Rajan
　　　Georgia Bar No. 59760
　　　Ashley D. Alfonso
　　　Georgia State Bar No. 195484
　　　**Attorney for Defendants Pure Air**
　　　**Filtration, LLC and Kevin Jameson**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone:  (404) 874-8800
Facsimile:  (404) 888-6199
Anandhi.rajan@swiftcurrie.com

3

CK288

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YSAIAS ESPINOSA

CIVIL ACTION
NUMBER    **16-C-01715-S2**

PLAINTIFF

VS.

PURE AIR FILTRATION LLC
KEVIN JAMESON

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

> BRIAN GENE KIM
> 1815 SATELLITE BLVD
> SUITE 303
> LEON & KIM LLC
> DULUTH, GA  30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 30th day of March, 2016.

Richard T. Alexander, Jr.
Clerk of State Court

By: _Welsea Martn_

Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

2016 MAR 30  PH 1: 03

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| YSAIAS ESPINOSA | ) | |
| | ) | Civil Action No.: 16C  01715 - 2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PURE AIR FILTRATION, LLC, | ) | |
| and KEVIN JAMESON | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES

### I. JURISDICTION AND VENUE

1.

This Court has personal jurisdiction of this action because the defendant Pure Air Filtration, LLC's principal place of business is within the Gwinnett County.

2.

Venue in the Gwinnett County is proper because Defendant Pure Air Filtration, LLC resides and/or conducts business in Gwinnett County and the claim for relief arose in this district.

3.

This Court has subject matter jurisdiction because this case is an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA), and federal court does not have exclusive jurisdiction over the FLSA.

### II. PARTIES

### PLAINTIFF

4.

The Plaintiff is Ysaias Espinosa, who is an individual and resident of DeKalb County,

Georgia.

5.

At all times relevant to this action Plaintiff was "engaged in commerce" and was an "employee" of Defendants within the meaning of FLSA, 29 U.S.C. §§ 203(e), 206, and 207.

**DEFENDANTS**

6.

The Defendant is Pure Air Filtration, LLC is a limited liability company. Defendant is located at 6050 Peachtree Parkway, Gwinnett County, Georgia 30092.

7.

The Defendant, Pure Air Filtration, LLC is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

8.

The Defendant, Kevin Jameson is an individual and the president of Pure Air Filtration, LLC.

**III. FACTUAL ALLEGATIONS**

9.

The Plaintiff adopts, incorporate by reference, and re-allege paragraphs 1 through 8 of this Complaint for Damages as if originally set forth fully herein.

10.

The Defendant Pure Air Filtration, LLC is and was at all times relevant to this action and

Page 2 of 6

acted directly or indirectly as Plaintiff's employer.

11.

The Defendant, Kevin Jameson, as president of Pure Air Filtration, LLC, upon information and belief, asserts control over the operation and employment issues of Defendant, Pure Air Filtration, LLC.

12.

Upon information and belief Defendants have more than twenty (20) employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13.

Upon information and belief Defendants have gross revenues in excess of five hundred thousand dollars ($500,000) per year.

14.

Plaintiff Ysaias Espinosa was employed as a machine/chemical operator by Defendants from February 2011 to July 2014.

15.

From on or about September 15, 2011 until July 15, 2014, Plaintiff Ysaias Espinosa worked for Defendants at an hourly rate of $11.00 per hour.

16.

Plaintiff Ysaias Espinosa worked an average of sixty (60) hours per week from on or about February 1, 2011 until on or about July 31, 2014.

17.

Plaintiff had no written contract of employment with Defendants.

18.

At all relevant times to this action, Defendants did not pay Plaintiff on a salary basis. He was paid at his regular hourly rate for hours worked.

19.

Upon information and belief Defendants paid all of his employees, other than Plaintiff, overtime premiums.

IV.

## CLAIMS FOR RELIEF

FAIR LABOR STANDARDS ACT

20.

The Plaintiff adopt, incorporate by reference, and re-allege paragraphs 1 through 8 and 10 through 19 of this Complaint for Damages as if originally set forth fully herein.

21.

At all times relevant to this action, Plaintiff was an hourly employee and was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

22.

The Plaintiff often worked in excess of fifty (50) hours per week throughout the duration of his employment with Defendants, but he was not paid by Defendants for his overtime work.

23.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times his regular hourly rate of pay for his overtime work.

24.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff his regular hourly rate of pay for hours worked over forty (40) hours in a week.

25.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

26.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Ysaias Espinosa suffered a loss of wages of $15,180.00 or such other amount to be determined at trial.

27.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Grant Plaintiff a trial by jury as to all triable issues of fact;

2.    Enter Judgment against Defendants, joint and severally liable for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty (40) hours a week, or $15,180.00 for Plaintiff Ysaias Espinosa, pursuant to the FLSA §§ 6 and 7, 29 U.S.C. §§ 206(d) and 207;

3.    Enter Judgment against Defendants jointly and severally liable for an equal amount as mandated liquidated damages as provided by 29 U.S.C. § 216;

5.    Enter Judgment against Defendants jointly and severally liable for pre-judgment interest

on the unpaid wages pursuant to 29 U.S.C. § 216;

6.     Order Defendants, jointly and severally liable, to pay all costs of this action as well as reasonable attorney's fees as provided under FLSA § 216;

7.     Award Plaintiff such further and additional relief as the Court deems just and equitable.

Respectfully submitted this 30th day of March, 2016.

Leon & Kim, LLC
Attorney for Plaintiff

/s/
Brian Kim
Georgia Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
P: 678-878-4200
F: 678-878-4208
E: Brian@leonandkim.com

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2016 MAR 30 PM 1:03

RICHARD ALEXANDER, CLERK

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☒ State

County _Gwinnett_   Date Filed _03-30-2016_
                                    MM-DD-YYYY

Docket # _16C 01715-2_

**Plaintiff(s)**

_Espinosa, Ysalas_
Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

No. of Plaintiffs ___1___

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

_KIM, BRIAN_
Last   First   Middle I.   Suffix

Bar # _479330_

**Defendant(s)**

_PURE AIR FILTRATION, LLC_
Last   First   Middle I.   Suffix Prefix   Maiden

_JAMESON, KEVIN_
Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

No. of Defendants ___2___

---

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Presonal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☒ Other General Civil Specify _FAIR LABOR STANDARD ACT_

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

Are Punitive Damages Pleaded?  ☐ Yes  ☐ No

☒ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

CIVIL ACTION NO. **16C 01715-2**

DATE FILED **3/30/16**

[ ] MAGISTRATE [✓] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

*Ysagas Espinosa*

*BRIAN KIM*
*1815 Satellite Blvd. #303*
*Duluth, GA 30097*
*(678) 878-4200*

PLAINTIFF(S)
VS.

*Pure Air Filtration, LLC*
*Kevin Jameson*

DEFENDANT(S)

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

*Kevin Jameson*
*As AGENT of PURE AIR FILTRATION LLC*
*6050 Peachtree Pkwy #240-187*
*Norcross, GA 30092*
*(678) 935-1431*

GARNISHEE

Other attached documents to be served:

RECEIVED 2016 MAR 31 AM 10:32 CIVIL DIV. G.C.S.O.

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**   Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____ pounds; approximate height_____ feet and_____ inches, domiciled at residence of the defendant.

[ ] **CORPORATION** Upon corporation_____

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____, its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[✓] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

*Kevin Jameson — address above is a P.O. Box.*
*Unable to locate Def @ this address*

This _____1_____ day of _____April_____, 20 _16_.

SHERIFF DOCKET_____ PAGE_____

TIME: _10:10_ A. M.

*T. Bowen* 5033
DEPUTY

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YSAIAS ESPINOSA

CIVIL ACTION
NUMBER   **16-C-01715-S2**

#### PLAINTIFF

VS.

PURE AIR FILTRATION LLC
KEVIN JAMESON

#### DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

> BRIAN GENE KIM
> 1815 SATELLITE BLVD
> SUITE 303
> LEON & KIM LLC
> DULUTH, GA  30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of June, 2016.

Richard T. Alexander, Jr.
Clerk of State Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2016 JUL 19  PM 12: 16

RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| YSAIAS ESPINOSA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 16-C-01715-S2 |
| | ) | |
| PURE AIR FILTRATION, LLC | ) | |
| KEVIN JAMESON, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COME NOW DEFENDANTS PURE AIR FILTRATION, LLC and KEVIN JAMESON** ("Defendants") by and through their counsel, and file their Answer and Defenses to Plaintiff's Complaint for Damages, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint for Damages fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to plead a *prima facie* case arising under the FLSA.

### THIRD DEFENSE

Any recovery by Plaintiff should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

### FOURTH DEFENSE

All or part of Plaintiff's claims are or may be barred by the applicable statutes of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that any acts or omissions of Defendants were willful under the FLSA.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

### SEVENTH DEFENSE

Plaintiff's claims under the FLSA are barred to the extent that Defendants' actions were taken in good faith in conformity with and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259 and 29 U.S.C. § 260.

### EIGHTH DEFENSE

Plaintiff is seeking damages that are remote and speculative, and as such, those damages are not recoverable.

## NINTH DEFENSE

Plaintiff's Complaint for Damages may be barred on the grounds of res judicata and collateral estoppel.

## TENTH DEFENSE

Plaintiff's claim should be barred because the amount of overtime, if any, is de minimis.

## ELEVENTH DEFENSE

Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint for Damages, as follows:

## I. JURISDICTION AND VENUE

1.

Defendants admit the allegations set forth in Paragraph 1 of Plaintiff's Complaint for Damages.

2.

Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint for Damages.

3.

Defendants admit the allegations set forth in Paragraph 3 of Plaintiff's Complaint for Damages.

## II. PARTIES

### PLAINTIFF

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint for Damages and can, therefore, neither admit nor deny said allegations.

5.

Defendants admit the allegations set forth in Paragraph 5 of Plaintiff's Complaint for Damages.

### DEFENDANTS

6.

Defendants admit the allegations set forth in Paragraph 6 of Plaintiff's Complaint for Damages.

7.

Defendants admit the allegations set forth in Paragraph 7 of Plaintiff's Complaint for Damages.

8.

Defendants deny, as stated, the allegations set forth in Paragraph 8 of Plaintiff's Complaint for Damages.

### III. FACTUAL ALLEGATIONS

9.

Defendants incorporate herein by reference their responses to Paragraphs 1 through 8 hereinabove, as if set forth fully herein in response to Paragraph 9 of Plaintiff's Complaint for Damages.

10.

Defendants admit the allegations set forth in Paragraph 10 of Plaintiff's Complaint for Damages.

11.

Defendants, deny, as stated the allegations set forth in Paragraph 11 of Plaintiff's Complaint for Damages.

12.

Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint for Damages.

13.

Defendants deny, as stated, the allegations set forth in Paragraph 13 of

Plaintiff's Complaint for Damages.

14.

Defendants deny, as stated, the allegations set forth in Paragraph 14 of Plaintiff's Complaint for Damages.

15.

Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint for Damages.

16.

Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint for Damages.

17.

Defendants admit the allegations set forth in Paragraph 17 of Plaintiff's Complaint for Damages.

18.

Defendants admit the allegations set forth in Paragraph 18 of Plaintiff's Complaint for Damages.

19.

Defendants deny, as stated, the allegations set forth in Paragraph 19 of Plaintiff's Complaint for Damages.

IV.

**CLAIMS FOR RELIEF**

FAIR LABOR STANDARDS ACT

20.

Defendant incorporates herein by reference its responses to Paragraphs 1 through 19 hereinabove, as if set forth fully herein in response to Paragraph 20 of Plaintiff's Complaint for Damages.

21.

Defendants admit the allegations set forth in Paragraph 21 of Plaintiff's Complaint for Damages.

22.

Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint for Damages.

23.

Defendants deny, as stated, the allegations set forth in Paragraph 23 of Plaintiff's Complaint for Damages but admit that the FLSA requires overtime work to be compensated at a rate of one and a half times the regular hourly wage, if applicable.

24.

Defendants deny, as stated, the allegations set forth in Paragraph 24 of Plaintiff's Complaint for Damages.

25.

Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint for Damages.

26.

Defendants deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint for Damages.

27.

Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint for Damages.

## VI. PRAYER FOR RELIEF

28.

Responding to the last paragraph and Prayer for Relief beginning "WHEREFORE", Defendants deny all allegations of that Paragraph, including subparagraphs 1 through 7, and deny they are liable to Plaintiff in any sum or manner whatsoever.

To the extent any allegation within Plaintiff's Complaint for Damages is not heretofore admitted or denied, each and every such allegation is hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint for Damages, Defendants pray:

(a)   that they be discharged without any liability to Plaintiff;

(b)   that they have a trial by jury as to all issues properly triable by a jury;

(c)   that all costs be assessed against Plaintiff; and

(d)   that they obtain such other relief as this Court deems just and appropriate.

This 19th day of July, 2016.

Respectfully submitted,

By: /s/Anandhi S. Rajan
Anandhi S. Rajan
Georgia State Bar No. 592760
Ashley D. Alfonso
Georgia State Bar No. 195484
**Attorneys for Defendants**
**PURE AIR FILTRATION, LLC and**
**KEVIN JAMESON**

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Anandhi.Rajan@swiftcurrie.com

## CERTIFICATE OF SERVICE

I do hereby certify that I caused a true and correct copy of the **Defendants' Answer and Defenses to Plaintiff's Complaint for Damages** to be served upon all parties through the following counsel of record:

> Brian Kim, Esq.
> Leon & Kim, LLC
> 1815 Satellite Boulevard, Suite 303
> Duluth, GA 30097

This 19th day of July, 2016.

> **By:** /s/Anandhi S. Rajan
> Anandhi S. Rajan
> Georgia State Bar No. 592760
> **Attorneys for Defendants**
> **PURE AIR FILTRATION, LLC and**
> **KEVIN JAMESON**

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Anandhi.Rajan@swiftcurrie.com

3223046v.1

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2016 JUL 19  PM 12: 18

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

YSAIAS ESPINOSA,                          )
                                          )
                                          )
          Plaintiff,                      )
                                          )       CIVIL ACTION FILE
     v.                                   )
                                          )       NO. 16C-01715-2
PURE AIR FILTRATION, LLC                  )
KEVIN JAMESON,                            )
                                          )
          Defendants.                     )

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW Defendants Pure Air Filtration, LLC and Kevin Jameson and

hereby, pursuant to 28 U.S.C. § 1446(d), file this its Notice of Filing Notice of

Removal of this action from the State Court of Gwinnett County, Georgia, wherein it

now pends, to the District Court of the United States for the Northern District of

Georgia, Atlanta Division. The grounds for this removal are set forth in the Notice of

Removal attached hereto as Exhibit "A."

This 19th day of July, 2016.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

By: _____
     Anandhi S. Rajan
     Georgia State Bar No. 592760
     1355 Peachtree Street, N.E.


EXHIBIT
B

Suite 300
Atlanta, Georgia  30309
(404) 874-8800
Attorneys for Defendants Pure Air Filtration,
LLC and Kevin Jameson

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

YSAIAS ESPINOSA,        )
       )
       )
     Plaintiff,      )
       )    CIVIL ACTION FILE
v.        )
       )    NO. _____
PURE AIR FILTRATION, LLC       )
KEVIN JAMESON,       )
       )
     Defendants.     )

## NOTICE OF REMOVAL

**COME NOW**, Defendants, PURE AIR FILTRATION, LLC AND KEVIN
JAMESON (hereinafter "Defendants"), and within the time prescribed by law, file
this Notice of Removal, by and through their undersigned counsel, pursuant to 28
U. S. C. §§ 1441 and 1446, and respectfully show the Court the following facts:

1.

Plaintiff Ysaias Espinosa ("Plaintiff") filed suit against Defendants in the
State Court of Gwinnett County, which county is within the Atlanta Division of
this Court. The suit has been commenced as Gwinnett County State Court Civil
Action File number 16C01715-S2.

1



EXHIBIT
"A"

2.

The suit seeks to recover for an allegation violation of the Fair Labor Standards Act "(FLSA") set forth at 29 USC § 201 *et seq.*

3.

The Court has jurisdiction over this action under 28 U. S. C. § 1331 as it involves a federal question and, accordingly, is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U. S. C. § 1441, in that the claim in this civil action involves a federal question.

4.

Defendants show that Plaintiff's suit was filed on March 30, 2016 in the State Court of Gwinnett County and served upon Defendants on June 20, 2016. This Notice of Removal is filed within thirty (30) days from the date Defendants were served with the Summons and Complaint and is, therefore, proper under 28 USC § 1446.

7.

Defendants have attached hereto copies of all summons, process, pleadings, and orders served upon it in this case, such copies being marked Exhibit "A."

8.

Defendants have given written notice of the filing of this Notice of Removal

to the Plaintiff.  Defendants have filed a written notice with the Clerk of the State

Court of Gwinnett County, a copy of said notice is attached as Exhibit "B."

9.

**WHEREFORE**, Defendants pray the case proceed in this Court as a

removed claim or cause of action under 28 U.S.C. § 1331 _et. seq_.

This 19th day of July, 2016.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   _/s/ Anandhi S. Rajan_
      Anandhi S. Rajan
      Georgia Bar No. 59760
      Ashley D. Alfonso
      Georgia State Bar No. 195484
      **Attorney for Defendants Pure Air**
      **Filtration, LLC and Kevin Jameson**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone:  (404) 874-8800
Facsimile:  (404) 888-6199
Anandhi.rajan@swiftcurrie.com

CK288

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YSAIAS ESPINOSA

CIVIL ACTION
NUMBER      16-C-01715-S2

PLAINTIFF

VS.

PURE AIR FILTRATION LLC
KEVIN JAMESON

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

> BRIAN GENE KIM
> 1815 SATELLITE BLVD
> SUITE 303
> LEON & KIM LLC
> DULUTH, GA  30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 30th day of March, 2016.

Richard T. Alexander, Jr.
Clerk of State Court

By: _KelseaMartin_ _____
        Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85

EXHIBIT
"A"

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

2016 MAR 30  PH 1: 03

RICHARD ALEXANDER, CLERK

| | |
|---|---|
| YSAIAS ESPINOSA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PURE AIR FILTRATION, LLC, | ) |
| and KEVIN JAMESON | ) |
| | ) |
| Defendants. | ) |

Civil Action No.: 16C 01715 - 2

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

### I. JURISDICTION AND VENUE

1.

This Court has personal jurisdiction of this action because the defendant Pure Air

Filtration, LLC's principal place of business is within the Gwinnett County.

2.

Venue in the Gwinnett County is proper because Defendant Pure Air Filtration, LLC

resides and/or conducts business in Gwinnett County and the claim for relief arose in this district.

3.

This Court has subject matter jurisdiction because this case is an action under the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA), and federal court

does not have exclusive jurisdiction over the FLSA.

### II. PARTIES

### PLAINTIFF

4.

The Plaintiff is Ysaias Espinosa, who is an individual and resident of DeKalb County,

Georgia.

5.

At all times relevant to this action Plaintiff was "engaged in commerce" and was an "employee" of Defendants within the meaning of FLSA, 29 U.S.C. §§ 203(e), 206, and 207.

## DEFENDANTS

6.

The Defendant is Pure Air Filtration, LLC is a limited liability company. Defendant is located at 6050 Peachtree Parkway, Gwinnett County, Georgia 30092.

7.

The Defendant, Pure Air Filtration, LLC is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

8.

The Defendant, Kevin Jameson is an individual and the president of Pure Air Filtration, LLC.

## III. FACTUAL ALLEGATIONS

9.

The Plaintiff adopts, incorporate by reference, and re-allege paragraphs 1 through 8 of this Complaint for Damages as if originally set forth fully herein.

10.

The Defendant Pure Air Filtration, LLC is and was at all times relevant to this action and

acted directly or indirectly as Plaintiff's employer.

11.

The Defendant, Kevin Jameson, as president of Pure Air Filtration, LLC, upon information and belief, asserts control over the operation and employment issues of Defendant, Pure Air Filtration, LLC.

12.

Upon information and belief Defendants have more than twenty (20) employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13.

Upon information and belief Defendants have gross revenues in excess of five hundred thousand dollars ($500,000) per year.

14.

Plaintiff Ysaias Espinosa was employed as a machine/chemical operator by Defendants from February 2011 to July 2014.

15.

From on or about September 15, 2011 until July 15, 2014, Plaintiff Ysaias Espinosa worked for Defendants at an hourly rate of $11.00 per hour.

16.

Plaintiff Ysaias Espinosa worked an average of sixty (60) hours per week from on or about February 1, 2011 until on or about July 31, 2014.

17.

Plaintiff had no written contract of employment with Defendants.

18.

At all relevant times to this action, Defendants did not pay Plaintiff on a salary basis. He was paid at his regular hourly rate for hours worked.

19.

Upon information and belief Defendants paid all of his employees, other than Plaintiff, overtime premiums.

IV.

**CLAIMS FOR RELIEF**

FAIR LABOR STANDARDS ACT

20.

The Plaintiff adopt, incorporate by reference, and re-allege paragraphs 1 through 8 and 10 through 19 of this Complaint for Damages as if originally set forth fully herein.

21.

At all times relevant to this action, Plaintiff was an hourly employee and was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

22.

The Plaintiff often worked in excess of fifty (50) hours per week throughout the duration of his employment with Defendants, but he was not paid by Defendants for his overtime work.

23.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times his regular hourly rate of pay for his overtime work.

24.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff his regular hourly rate of pay for hours worked over forty (40) hours in a week.

25.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

26.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Ysaias Espinosa suffered a loss of wages of $15,180.00 or such other amount to be determined at trial.

27.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Grant Plaintiff a trial by jury as to all triable issues of fact;

2.      Enter Judgment against Defendants, joint and severally liable for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty (40) hours a week, or $15,180.00 for Plaintiff Ysaias Espinosa, pursuant to the FLSA §§ 6 and 7, 29 U.S.C. §§ 206(d) and 207;

3.      Enter Judgment against Defendants jointly and severally liable for an equal amount as mandated liquidated damages as provided by 29 U.S.C. § 216;

5.      Enter Judgment against Defendants jointly and severally liable for pre-judgment interest

on the unpaid wages pursuant to 29 U.S.C. § 216;

6.      Order Defendants, jointly and severally liable, to pay all costs of this action as well as

reasonable attorney's fees as provided under FLSA § 216;

7.      Award Plaintiff such further and additional relief as the Court deems just and equitable.

         Respectfully submitted this 30th day of March, 2016.


                                                    Leon & Kim, LLC
                                                    Attorney for Plaintiff

                                                    /s/
                                                    Brian Kim
                                                    Georgia Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
P: 678-878-4200
F: 678-878-4208
E: Brian@leonandkim.com

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

## General Civil Case Filing Information Form (Non-Domestic)

2016 MAR 30 PM 1:03

RICHARD ALEXANDER, CLERK

**Court**
☐ Superior
☑ State

County _Gwinnett_

Docket # _16C   01715 - 2_

Date Filed _03 - 30 - 2016_
MM-DD-YYYY

**Plaintiff(s)**

_Espinosa    Ysalas_
Last    First    Middle I.   Suffix Prefix   Maiden

Last    First    Middle I.   Suffix Prefix   Maiden

Last    First    Middle I.   Suffix Prefix   Maiden

Last    First    Middle I.   Suffix Prefix   Maiden

No. of Plaintiffs _1_

**Defendant(s)**

_Pure   Air   Filtration, LLC_
Last    First    Middle I.   Suffix Prefix   Maiden

_Jameson,   Kevin_
Last    First    Middle I.   Suffix Prefix   Maiden

Last    First    Middle I.   Suffix Prefix   Maiden

Last    First    Middle I.   Suffix Prefix   Maiden

No. of Defendants _2_

**Plaintiff/Petitioner's Attorney**      ☐ Pro Se

_Kim,   Brian_
Last    First    Middle I.    Suffix

Bar # _479330_

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify _Fair   Labor_
_Standard   Act_

---

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

Are Punitive Damages Pleaded?  ☐ Yes ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

CIVIL ACTION NO. __16C 01715-2__

DATE FILED __3/30/16__

[ ] MAGISTRATE [ ✓ ] STATE [ ] SUPERIOR - COURT
**GWINNETT COUNTY, GEORGIA**

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

__Ysazas   Espinosa__

__BRIAN   KIM__
__1815  Satellite  Blvd. # 303__
__Duluth, GA 30097__
__(678) 878- 4200__

**PLAINTIFF(S)**
VS.
__Pure Air Filtration, LLC__
__Kevin Jameson__
**DEFENDANT(S)**

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

__Kevin Jameson__
__As Agent of Pure Air Filtration LLC__
__6050 Peachtree Pkwy #240-187__
__Norcross, GA 30092__
__(678) 935-1431__

**GARNISHEE**

Other attached documents to be served:

2016 MAR 31  AM 10: 32
RECEIVED
CIVIL DIV.
G.C.S.O.

### SHERIFF'S ENTRY OF SERVICE
I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**   Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

____yrs; approximate weight_____pounds; approximate height_____feet and_____inches, domiciled at residence of the defendant.

[ ] **CORPORATION** Upon corporation_____

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____, its registered agent.

2016 APR -4 AM 10:...
GWINNETT ...
RICHARD C. ALEXANDER ...

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ✓ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.
__Kevin Jameson - address above is a P.O. Box.__
__Unable to locate Def @ this address__

This __1__ day of __April_____, 20__16__.

SHERIFF DOCKET_____ PAGE_____

TIME: __10:10 A__. M.

__J. Bowen__ se33
**DEPUTY**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YSAIAS ESPINOSA

CIVIL ACTION
NUMBER    **16-C-01715-S2**

PLAINTIFF

VS.

PURE AIR FILTRATION LLC
KEVIN JAMESON

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

BRIAN GENE KIM
1815 SATELLITE BLVD
SUITE 303
LEON & KIM LLC
DULUTH, GA  30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of  June, 2016.

Richard T. Alexander, Jr.
Clerk of State Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85

## 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

This 19th day of July, 2016.

By: */s/Anandhi S. Rajan*
Anandhi S. Rajan
Georgia State Bar No. 592760
**Attorneys for Defendants Pure Air Filtration, LLC and Kevin Jameson**

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Anandhi.Rajan@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the within and foregoing **NOTICE OF REMOVAL** to be filed with the Clerk of Court via the ECF filing procedure, which will notify and serve a copy of same to the following counsel of record, as follows:

> Brian Kim, Esq.
> Leon & Kim, LLC
> 1815 Satellite Boulevard, Suite 303
> Duluth, GA 30097

This 19th day of July, 2016.

> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> By: ___*/s/Anandhi S. Rajan*_____
> ANANDHI S. RAJAN
> Georgia State Bar No. 592760
> **Attorney for Defendants Pure Air**
> **Filtration, LLC and Kevin Jameson**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
(404) 874-8800

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**NOTICE OF FILING NOTICE OF REMOVAL** upon all counsel of record in this

action, via U.S. Mail, postage pre-paid, and addressed as follows:

> Brian Kim, Esq.
> Leon & Kim, LLC
> 1815 Satellite Boulevard, Suite 303
> Duluth, GA 30097

This _19th_ day of July, 2016.

> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
>
> By:    __/s/Anandhi S. Rajan_____
>          ANANDHI S. RAJAN
>          Georgia State Bar No. 592760
>          **Attorney for Defendants Pure Air**
>          **Filtration, LLC and Kevin Jameson**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
(404) 874-8800

3086506v.1

## 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

This 19th day of July, 2016.

> **By:** */s/Anandhi S. Rajan*
> Anandhi S. Rajan
> Georgia State Bar No. 592760
> **Attorneys for Defendants Pure Air Filtration, LLC and Kevin Jameson**

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Anandhi.Rajan@swiftcurrie.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the within and foregoing **NOTICE OF REMOVAL** to be filed with the Clerk of Court via the ECF filing procedure, which will notify and serve a copy of same to the following counsel of record, as follows:

> Brian Kim, Esq.
> Leon & Kim, LLC
> 1815 Satellite Boulevard, Suite 303
> Duluth, GA 30097

This 19th day of July, 2016.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By:   ___*/s/Anandhi S. Rajan*_____
ANANDHI S. RAJAN
Georgia State Bar No. 592760
**Attorney for Defendants Pure Air
Filtration, LLC and Kevin Jameson**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
(404) 874-8800

3216110v.1